# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCINDA LOZANO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SANTA CLARA,<br><br>Defendant. | Case No. 19-cv-02634-EMC<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Docket No. 41 |

On December 16, 2019, this Court granted Defendants' Motion to Dismiss, dismissing some of Plaintiffs' claims with prejudice and some without. *See* Docket No. 37 ("MTD Order") at 31. As is relevant here, the Court dismissed Claims Six and Seven of Plaintiffs' Complaint on immunity grounds—as to the County—and on statute-of-limitations grounds—as to the individual Defendants. *See id.* at 14, 16. With respect to the County, Plaintiffs did not respond to Defendants' immunity-based arguments in their Opposition to Defendants' Motion to Dismiss, and thus, the Court deemed the claims waived as to the County and dismissed them with prejudice. *See id.* at 14. With respect to the individual Defendants, Plaintiffs offered several responses to Defendants' statute-of-limitations arguments, but none were availing, and the Court also dismissed the claims as to the individual Defendants with prejudice. *Id.* at 15–16.

On January 16, 2020, Plaintiffs filed a Motion for Leave to File a Motion for Reconsideration pursuant to Civil Local Rule 7-9. *See* Docket No. 41 ("Mot."). A response to that motion was filed by Defendants on January 30, 2020. *See* Docket No. 49. In the Motion for Leave, Plaintiffs do not appear to challenge dismissal of Claims Six and Seven as to the County; instead, Plaintiffs contend that they "did not discover the 'wrongfulness' of their son's death or the

negligence of his caregivers" until a month after his death (after receiving and reviewing his medical records). Mot. at 4. Thus, they argue that—under California's delayed discovery rule—the time it took to receive the medical records tolls the relevant statute of limitations and makes Claims Six and Seven timely filed. *Id.*

Under Civil Local Rule 7-9, a party must seek leave of the court to file a motion for reconsideration. Civ. L.R. 7-9(a). To prevail, a party "must specifically show reasonable diligence in bringing the motion" *and* establish one of the following:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b). Motions for reconsideration are generally disfavored and are not the place for parties to make new arguments not raised in their original briefs. *Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925–26 (9th Cir. 1988).

While Plaintiffs contend that the Court "did not consider material facts and dispositive legal arguments which were presented to the Court before its order," *id.* at 2, here, Plaintiffs attempt to advance new legal arguments through their Motion for Leave, which could have been raised in Plaintiffs' opposition to Defendants' Motion to Dismiss (filed in October 2019, four months after the receipt of the medical records) or at the hearing on November 14, 2019 (five months after the receipt of the medical records). Indeed, the issue of delayed discovery was raised in Defendants' Reply, which put Plaintiffs' on notice of the issue. *See* Docket No. 34 at 10–11. However, no mention of the discovery rule was made in Plaintiffs' Opposition or at the hearing. Plaintiffs fail to satisfy Rule 7-9.

2

As a result, the Court **DENIES** Plaintiffs' Motion for Leave to File a Motion for Reconsideration.

This order disposes of Docket No. 41.

**IT IS SO ORDERED**.

Dated: February 26, 2020

_____
EDWARD M. CHEN
United States District Judge